IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-33-D

| | |
|---|---|
| LONESOURCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATIONERS SUPPLY CO., ) | |
| ) | |
| Defendant. ) | |

On December 20, 2010, Lonesource, Inc. ("Lonesource" or "plaintiff") sued United Stationers Supply Co. ("United" or "defendant") in the Superior Court of Wake County, North Carolina. Not. of Removal [D.E. 1], Ex. A ("Compl."). On January 20, 2011, United removed the case to this court pursuant to the court's diversity of citizenship jurisdiction. Not. of Removal. On July 18, 2011, United filed a motion to dismiss Lonesource's claim for tortious interference with prospective economic advantage [D.E. 26] and filed a supporting memorandum and exhibits [D.E. 27]. United filed a corrected motion later that day [D.E. 28]. Thereafter, Lonesource responded in opposition [D.E. 41], and United replied [D.E. 42].

Lonesource is a Cary, North Carolina-based national supplier and reseller of office supplies, information technology, data supplies, paper, office furniture, and print and promotional products. Compl. ¶ 6. United is a national wholesale distributor and seller of office paper, technology, business, and industrial products. Def.'s Mem. Supp. Mot. Dism. [D.E. 27] 2. The lawsuit arises from a 2008 contract between Lonesource and United.

Lonesource's complaint contains six claims for relief. First, Lonesource seeks a declaratory judgment that it did not breach the contract by purchasing paper from a different supplier. Compl. ¶¶ 59–61. Second, Lonesource claims that United's unilateral termination of the contract before the contract's expiration was a material breach of the contract. Id. ¶¶ 62–66. Third, Lonesource claims that United's conduct and statements amounted to an anticipatory breach of the contract. Id. ¶¶ 67–69. Fourth, Lonesource claims that United did not intend to honor its promises at the time that it made them, and that it made promises in the agreement "with the intent to deceive and [that] were reasonably calculated to deceive," amounting to fraud. Id. ¶¶ 70–76. Fifth, Lonesource alleges that United's telling another supplier (Enterprise/Domtar) to not sell paper to Lonesource amounted to interference with prospective economic advantage. Id. ¶¶ 77–81. Sixth, Lonesource claims that United engaged in unfair and deceptive trade practices. Id. ¶¶ 82–86.

United asks the court to dismiss Lonesource's interference with prospective economic advantage claim. See Def.'s Mem. Supp. Mot. Dism. In doing so, United argues that Lonesource has not plausibly alleged that United was not justified by a legitimate business purpose in its interference, that United acted with malice, or "that United would have entered into a contract with [Enterprise/Domtar] but for [United's] conduct." Id. 8–9.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94

(2007) (per curiam). Although a court "assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [plaintiff's] favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions drawn from the facts. See Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

The court has reviewed United's motion to dismiss Lonesource's tortious interference with prospective economic advantage claim in light of Federal Rule of Civil Procedure 12(b)(6) and North Carolina law. Lonesource has plausibly alleged that United was not justified in interfering in the contract negotiations between Lonesource and Enterprise/Domtar, that United acted with malice toward Lonesource in this interference, and that this interference caused the contract negotiations between Lonesource and Enterprise/Domtar to fail. Accordingly, United's motion to dismiss [D.E. 28] is DENIED.

SO ORDERED. This 28 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge

3