UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00033-D

| | |
|---|---|
| LONESOURCE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATIONERS SUPPLY CO., ) | |
| ) | |
| Defendant. ) | |

This matter is currently before the Court on Defendant's four Motions to Seal [DE-47, 51, 55, & 64] and Plaintiff's one Motion to Seal [DE-59]. No responses have been filed, and all five of these motions to seal are currently ripe for review. Accordingly, pursuant to an Order [DE-66] dated April 18, 2012, Chief Judge Dever has referred these five motions to seal for disposition by a magistrate judge.

Defendant's first Motion to Seal [DE-47] asks the Court to seal its Memorandum in Support of its Motion for Partial Summary Judgment on Plaintiff's Claims for Declaratory Judgment, Breach of Contract and Anticipatory Breach of Contract [DE-46] and the supporting attachments thereto, Defendant's second Motion to Seal [DE-51] asks the Court to seal its Memorandum in Support of its Motion for Partial Summary Judgment on Plaintiff's Claims of Fraud and Unfair Trade Practices [DE-50] and the supporting attachments thereto, Defendant's third Motion to Seal [DE-55] asks the Court to seal its Memorandum in Support of its Motion for Partial Summary Judgment on Plaintiff's Claim for Tortious Interference With Prospective Economic Advantage [DE-54] and the supporting attachments thereto, and Defendant's fourth

1

Motion to Seal [DE-64] asks the Court to seal its Memorandum in Support of Defendant's Motion for Partial Summary Judgment on its Counterclaims for Breach of Contract and Unjust Enrichment [DE-63] and the supporting attachments thereto. Plaintiff's Motion to Seal [DE-59] asks the Court to seal its Memorandum in Support of its Motion for Partial Summary Judgment [DE-58].

The supporting memoranda to each of these five motions to seal provide as grounds for sealing the aforementioned memoranda that they contain "confidential business information including contract terms negotiated between the parties" and that "[a]mong the terms negotiated is a confidentiality clause prohibiting disclosure of the terms in the document without the written approval of all the parties." *See* DE-48, 52, 56, 60, & 65 at 1. To that end, the contract at issue in this action itself is attached to each of the memoranda and it appears to the Court that the parties believe that the contents of the contract are confidential. In addition, in each of these five motions to seal, the party making the motion has indicated that the other party consents to the specific request to seal.

Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). If a court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id.* In furtherance of this directive from the Fourth Circuit, this Court has promulgated Local Rules and procedures related to the filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010). These procedures require the filing party to specify:

2

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
>
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
>
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
>
> (iv) the reasons why alternatives to sealing are inadequate; and
>
> (v) whether there is consent to the motion.

Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1.

Here, the parties have clearly complied with subpart (v) of these requirements by indicating that each of their five motions to seal are made with consent. In addition, though they do not mention the First Amendment, the parties have substantially complied with subpart (ii) by mentioning in their supporting memoranda the exception to the public right of access for confidential commercial information. However, the Court cannot find that the parties have complied with subparts (i), (iii), or (iv).

To that end, although the Court recognizes that the parties have indicated that the contract at issue in this action is confidential and attached to the memoranda in support which are the subjects of the instant motions to seal, they have not sufficiently articulated either "the exact document or item, or portions thereof, for which filing under seal is requested" or "the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access," as required by subparts (i) and (iii). In particular, the Court is troubled by the fact that although the attachment containing the contract itself may well be an appropriate subject of a motion to seal, the parties have not indicated to what extent the contract is referred to in the memoranda in support or in any of the other multitude of

3

attachments to each of the memoranda in support.  Similarly, the parties have not addressed at all "the reasons why alternative to sealing are inadequate," as required by subpart (iv).

Accordingly, the five motions to seal currently before the undersigned [DE-47, 51, 55, 59, & 64] are **DENIED WITHOUT PREJUDICE**.  The documents shall remain **SEALED** for **14 days** from the date of this Order in order to allow the parties to re-file their respective motions to seal in conformity with this order and the Local Rules and procedures of this Court.

In addition, the Court notes that Plaintiff has filed five other Motions to Seal [DE-70, 73, 78, 94, & 90] and Defendant has filed four other Motions to Seal [DE-95, 98, 101, & 107]. These nine motions have not thus far been referred for disposition by a magistrate judge; however, the Court nonetheless finds it appropriate to remind the parties that, to the extent these motions contain similar deficiencies to those noted in the instant order, re-filing may also be required.

This the 19th day of July, 2012.

_____
WILLIAM A. WEBB
United States Magistrate Judge