UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00033-D

| | |
|---|---|
| LONESOURCE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATIONERS SUPPLY CO., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court upon a joint motion by the parties for leave to file under seal certain documents. (DE-115). The joint motion replaces five previous motions to seal that were denied without prejudice (DE-47, DE-51, DE-55, DE-59, DE-64), and amends nine motions to seal currently pending before the Court. (DE-70, DE-73, DE-78, DE-84, DE-90, DE-95, DE-98, DE-101, DE-107). Pursuant to 28 U.S.C. § 636(b)(1), the joint motion to seal, as well as the nine pending motions, have been referred to the undersigned. (DE-118). For the reasons set forth herein, the joint motion for leave to file certain documents under seal (DE-115) is granted.

In accordance with the Fourth Circuit's directives in *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988), courts reviewing a motion to seal must first give the public notice and a reasonable opportunity to challenge the motion before considering the public's right to access. If a court finds that the public's right to access is outweighed by another significant interest, the court must then consider whether there are less drastic alternatives to sealing. *Id.* To that end, this Court has also promulgated local rules and procedures related to the filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures

Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010). These procedures require the filing party to specify:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
>
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
>
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
>
> (iv) the reasons why alternatives to sealing are inadequate; and
>
> (v) whether there is consent to the motion.

Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1.

Here, the parties seek to file under seal copies of the contract executed between them, as well as copies of contract documents executed by Plaintiff and a third-party office supply wholesaler. Unlike previous requests to seal that the Court denied, the parties have appropriately limited their motion to these documents; they do not seek to seal the filings to which the contracts are attached or other miscellaneous exhibits that merely reference discrete terms contained in the contracts. By their present motion, the parties also withdraw their previous requests for sealed treatment of such documents. In their supporting memorandum, the parties have provided a detailed chart specifying "the exact document or item, or portions thereof, for which filing under seal is requested" as required by subpart (i) of the Policies and Procedures Manual. *See* Mem. Supp. Mot. Seal 7-22, DE-116. The chart further identifies the miscellaneous documents, provisionally filed under seal, that the parties now believe may be made public. This Court has already recognized that the contract between the parties contains confidential, non-public business information that should be protected from public disclosure. *See* Order Granting Motion to File Under Seal, July 26, 2011, DE-32. Similarly, the parties indicate that the third-party office supply

contract contains sensitive, commercial business information regarding pricing and sales information unavailable to the general public, the publication of which would damage the business interests of Plaintiff and the third party. As such, the parties contend that sealing the contracts, but leaving the court filings to which the contracts are attached unsealed, satisfies the public's right of access while protecting commercially sensitive information.

Upon due consideration, the undersigned concludes that the parties have complied with subparts (i)-(v) of the Policy and Procedures Manual and have demonstrated that limited sealing of select, commercially sensitive material is appropriate in the instant case. The joint motion for leave to seal (DE-115) is therefore GRANTED. The granting of this motion necessarily subsumes and renders moot the motions filed at docket entries 70, 73, 78, 84, 90, 95, 98, 101, and 107. Sealed treatment shall be in accordance with the chart set forth on pages 7-22 of the parties' memorandum (DE-116) in support of the joint motion to seal.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, January 3, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE