IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-33-D

| | | |
|---|---|---|
| LONESOURCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATIONERS SUPPLY CO., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 132) by United Stationers Supply Co. ("defendant") to seal Exhibit 2 (D.E. 131) to its memorandum (D.E. 134) in opposition to plaintiff's motion for reconsideration of the court's order on defendant's motion for summary judgment. The motion to seal is supported by a memorandum (D.E. 133), and defendant represents that plaintiff consents to the motion. For the reasons set forth below, the court will allow the motion.

### DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the document sought to be sealed is a filing related to the court's ruling on a motion for summary

judgment, and therefore the right of access at issue arises under the First Amendment. *See Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, the parties have demonstrated that the exhibit in question contains confidential and proprietary commercial information, including contract terms and other information relating to the parties' negotiated business relationship, information which is of utmost importance to the parties but not generally available to the public. Further, the exhibit contains business information designated as confidential under the terms of the Protective Order (D.E. 40) in this case. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motion was filed on 22 May 2013. No opposition to this motion has been filed by any party or non-party despite a reasonable opportunity to do so.

2

Case 5:11-cv-00033-D   Document 140   Filed 07/11/13   Page 2 of 3

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibit contains confidential business information not generally available to the public and designated as confidential under the protective order, the court finds that alternatives to sealing the exhibit do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. Defendant's motion to seal (D.E. 132) is ALLOWED.

2. The Clerk shall retain the filing at Docket Entry 132 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

This, the 11th day of July 2013.

_____
James E. Gates
United States Magistrate Judge